1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT

9                EASTERN DISTRICT OF CALIFORNIA

10

11  DONAL VANCE WARSINGER,          )    1:11-cv-00008-JLT HC
                                    )
12              Petitioner,         )    ORDER TO SHOW CAUSE WHY THE
                                    )    PETITION SHOULD NOT BE DISMISSED
13       v.                         )    FOR VIOLATION OF THE ONE-YEAR
                                    )    STATUTE OF LIMITATIONS (Doc. 1)
14                                  )
    SWARTHOUT,                      )    ORDER DIRECTING THAT A RESPONSE
15                                  )    BE FILED WITHIN THIRTY DAYS
                Respondent.         )
16  _____ )

17
                          **PROCEDURAL HISTORY**
18
          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
19
    pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on
20
    December 30, 2010.[1]  A preliminary review of the Petition, however, reveals that the petition may be
21

22
    _____
23         [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
    deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
    clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
24  mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be
    adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The
25  Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the
    AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on
26  other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir.
    2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest
27  possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson,
    330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition,
28  the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears
    on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the

                                      1

1  untimely and should therefore be dismissed.

2       On January 24, 2011, Petitioner filed his written consent to the jurisdiction of the United

3  States Magistrate Judge for all purposes.  (Doc. 4).

4                                   **DISCUSSION**

5       A.  Preliminary Review of Petition

6       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

7  if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

8  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

9  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

10 habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

11 dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th

12 Cir.2001).

13      The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

14 habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

15 notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this

16 Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in

17 Herbst.

18      B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

19      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

20 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

21 corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

22 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

23 (1997).  The instant petition was filed on December 30,  2010, and thus, it is subject to the provisions

24 of the AEDPA.

25      The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

26 petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

27 _____

28 running of the statute of limitation.  Here, the petition indicates a signing date of December 30, 2010 and Petitioner indicates that he handed the petition to a correctional officer for mailing on that date as well.  (Doc. 1, p. 11).

1  reads:

2      (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
   corpus by a person in custody pursuant to the judgment of a State court.  The
3  limitation period shall run from the latest of –

4          (A) the date on which the judgment became final by the conclusion of direct
   review or the expiration of the time for seeking such review;
5
           (B) the date on which the impediment to filing an application created by
6  State action in violation of the Constitution or laws of the United States is removed, if
   the applicant was prevented from filing by such State action;
7
           (C) the date on which the constitutional right asserted was initially recognized by
8  the Supreme Court, if the right has been newly recognized by the Supreme Court and made
   retroactively applicable to cases on collateral review; or
9
           (D) the date on which the factual predicate of the claim or claims presented
10 could have been discovered through the exercise of due diligence.

11     (2) The time during which a properly filed application for State post-conviction or
   other collateral review with respect to the pertinent judgment or claim is pending shall
12 not be counted toward any period of limitation under this subsection.

13 28 U.S.C. § 2244(d).

14     In most cases, the limitation period begins running on the date that the petitioner's direct

15 review became final.  Here, the Petitioner was convicted in the Fresno County Superior Court on

16 May 5, 2004 of one count of assault with a deadly weapon and sentenced to an indeterminate term of

17 thirty-eight years to life.   (Doc. 1, p. 1).  Petitioner initiated his direct appeal in the California Court

18 of Appeal, Fifth Appellate District ("5th DCA"), which affirmed his conviction on April 21, 2006.[2]

19 Thereafter, Petitioner filed a petition for review that was denied by the California Supreme Court on

20 June 28, 2006.   Thus, direct review would have concluded on September 24, 2006, when the ninety

21 day period for seeking review in the United States Supreme Court expired.  Barefoot v. Estelle, 463

22 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159

23 _____

24     [2]The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose
   accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.
25 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice
   may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise
26 Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v.
   Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980). As
27 such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal
   and the California Supreme Court are subject to judicial notice.

28

                                        3

1  F.3d 345, 347 (8th Cir.1998).  Petitioner would then have had one year from the following day,

2  September 25, 2006, or until September 5, 2007, absent applicable tolling, within which to file his

3  federal petition for writ of habeas corpus.  As mentioned, the instant petition was filed on December

4  30, 2010, over three years after the date the one-year period would have expired.  Thus, unless

5  Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should

6  be dismissed.

7         C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

8         Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

9  application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

10  § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

11  governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

12  U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

13  petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

14  delay in the intervals between a lower court decision and the filing of a petition in a higher court.

15  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

16  by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

17  omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

18  536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

19  (9th Cir. 1999).

20         Nevertheless, there are circumstances and periods of time when no statutory tolling is

21  allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

22  appeal and the filing of an application for post-conviction or other collateral review in state court,

23  because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007;

24  Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is

25  allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.

26  In addition, the limitation period is not tolled during the time that a federal habeas petition is

27  pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v.

28  Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a

1  petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing

2  a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d)

3  does not permit the reinitiation of the limitations period that has ended before the state petition was

4  filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to

5  continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer,

6  447 F.3d 1165, 1166 (9th Cir. 2006).

7        Here, Petitioner alleges that he filed the following state habeas petitions: (1) petition filed in

8  the Superior Court of Fresno County on December 14, 2007, and denied on January 3, 2008;  (2)

9  petition filed in the 5th DCA on February 26, 2008, and denied on March 6, 2008; and (3) filed in the

10  California Supreme Court on April 7, 2008 and denied on October 22, 2008.  (Doc. 1, pp. 12; 16-

11  18).[3]

12        Normally, a petitioner would be entitled to statutory tolling for the pendency of a "properly

13  filed" state habeas petition.  However, that is not the case in this instance.  A petitioner is not entitled

14  to tolling where the limitations period has *already run* prior to filing a state habeas petition.  Green v.

15  White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see

16  Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820

17  (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has

18  ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999)

19  (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year

20  limitations period).   Here, as mentioned, the limitations period expired on September 24, 2007, over

21  two months *before* Petitioner filed his first state habeas petition on December 17, 2007.

22  Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA for these three

23  state habeas petitions.

24        D.  Equitable Tolling

25        The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to

26  equitable tolling in appropriate cases.  See Holland v. Florida, __ U.S.__, 130 S.Ct. 2549, 2561

27

28        [3] Again, the Court has determined the exact filing and denial dates by accessing the California state courts' electronic data base.

1    (2010); <u>Calderon v. United States Dist. Ct.</u>, 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation

2    period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control

3    make it impossible to file the petition on time."  <u>Shannon v. Newland</u>, 410 F. 3d 1083, 1089-1090

4    (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a

5    petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the

6    statute of limitations may be appropriate."  <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).

7    "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1)

8    that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

9    his way."   <u>Holland</u>, 2010 WL 2346549 at *12; <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S. Ct.

10   1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest

11   the exceptions swallow the rule."  <u>Miranda v. Castro</u>, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

12   omitted).  As a consequence, "equitable tolling is unavailable in most cases."  <u>Miles</u>, 187 F. 3d at

13   1107.

14          Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on

15   the record now before the Court, the Court sees no basis for such a claim.  Accordingly, the Court

16   makes a preliminary determination that Petitioner is not entitled to equitable tolling at this time.

17   Thus, it appears that the petition is untimely and should be dismissed.

18          The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently

19   tolled, whether statutorily or equitable, rests with the petitioner.  <u>See, e.g., Pace v. DiGuglielmo</u>, 544

20   U.S. 408, 418 (2005); <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034 (9th Cir. 2005); <u>Smith v. Duncan</u>, 297

21   F.3d 809, 814 (9th Cir. 2002); <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002).  As discussed

22   above, it does not appear that Petitioner has established the timeliness of the instant petition.

23   However, prior to dismissing the instant petition, the Court, pursuant to the Ninth Circuit's mandate

24   in <u>Herbst</u>, will permit Petitioner to file a response to this Order to Show Cause, in which he must

25   present reasons sufficient to establish the timeliness of the petition.  If Petitioner fails to do so, the

26   Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d)(1).

27   ///

28   ///

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **February 3, 2011**                                              **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE