UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONAL VANCE WARSINGER,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>SWARTHOUT,<br><br>　　　　　Respondent. | 1:11-cv-00008-JLT HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on December 30, 2010.[1] After a preliminary review of the Petition revealed that the petition may be

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson,

1

untimely and should therefore be dismissed, the Court, n February 3, 2011, issued an Order to Show Cause why the petition should not be dismissed as untimely. (Doc. 5). That Order to Show Cause gave Petitioner thirty days within which to file a response. On March 8, 2011, Petitioner filed his response, contending that he was entitled to equitable tolling because of his limited access to the prison law library, his lack of knowledge of the law, and his appellate attorney's failure to properly advise him about the time limits for filing a federal habeas petition. (Doc. 6).

On January 24, 2011, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 4).

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing the February 3, 2011 Order to Show Cause, the Court afforded Petitioner the notice required by the Ninth Circuit in Herbst.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas

---

330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Here, the petition indicates a signing date of December 30, 2010 and Petitioner indicates that he handed the petition to a correctional officer for mailing on that date as well. (Doc. 1, p. 11).

2

1 corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on December 30, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted in the Fresno County Superior Court on May 5, 2004 of one count of assault with a deadly weapon and sentenced to an indeterminate term of thirty-eight years to life. (Doc. 1, p. 1). Petitioner initiated his direct appeal in the California Court of Appeal, Fifth Appellate District ("5th DCA"), which affirmed his conviction on April 21, 2006.[2]

---

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As

3

1 Thereafter, Petitioner filed a petition for review that was denied by the California Supreme Court on
2 June 28, 2006.  Thus, direct review concluded on September 24, 2006, when the ninety-day period
3 for seeking review in the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880,
4 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345,
5 347 (8th Cir.1998).  Petitioner would then have had one year from the following day, September 25,
6 2006, or until September 5, 2007, absent applicable tolling, within which to file his federal petition
7 for writ of habeas corpus.  As mentioned, the instant petition was filed on December 30, 2010, over
8 three years after the date the one-year period expired.  Thus, unless Petitioner is entitled to either
9 statutory or equitable tolling, the instant petition is untimely and should be dismissed.

   C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

11 Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed
12 application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.
13 § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules
14 governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531
15 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California
16 petitioner completes a full round of [state] collateral review," so long as there is no unreasonable
17 delay in the intervals between a lower court decision and the filing of a petition in a higher court.
18 Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized
19 by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curiam)(internal quotation marks and citations
20 omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,
21 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006
22 (9th Cir. 1999).

23 Nevertheless, there are circumstances and periods of time when no statutory tolling is
24 allowed.  For example, no statutory tolling is allowed for the period of time between finality of an
25 appeal and the filing of an application for post-conviction or other collateral review in state court,

---

such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

1  because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007;
2  Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is
3  allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.
4  In addition, the limitation period is not tolled during the time that a federal habeas petition is
5  pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v.
6  Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a
7  petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing
8  a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d)
9  does not permit the reinitiation of the limitations period that has ended before the state petition was
10 filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to
11 continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer,
12 447 F.3d 1165, 1166 (9th Cir. 2006).

13     Here, Petitioner alleges that he filed the following state habeas petitions: (1) petition filed in
14 the Superior Court of Fresno County on December 14, 2007, and denied on January 3, 2008;  (2)
15 petition filed in the 5th DCA on February 26, 2008, and denied on March 6, 2008; and (3) filed in the
16 California Supreme Court on April 7, 2008 and denied on October 22, 2008.  (Doc. 1, pp. 12; 16-
17 18).[3]

18     Normally, a petitioner would be entitled to statutory tolling for the pendency of a "properly
19 filed" state habeas petition.  However, that is not the case in this instance.   A petitioner is not
20 entitled to tolling where the limitations period has *already run* prior to filing a state habeas petition.
21 Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);
22 see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d
23 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has
24 ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999)
25 (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year
26 limitations period).  Here, as mentioned, the limitations period expired on September 24, 2007, over

27 ───────────────

28     [3] Again, the Court has determined the exact filing and denial dates by accessing the California state courts' electronic data base.

two months *before* Petitioner filed his first state habeas petition on December 17, 2007. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA for these three state habeas petitions.

### D. Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, in his response to the Order to Show Cause, Petitioner argues that he is entitled to equitable tolling because (1) he had only limited access to the prison law library; (2) he is a layman unskilled in the law; and (3) his appellate attorney in state proceedings failed to apprise him of the time limitations for filing a federal habeas petition. (Doc. 6). After careful consideration, the Court concludes that, even if all of Petitioner's allegations in his response to the Order to Show Cause are true, he has failed to set forth a prima facie claim for entitlement to equitable tolling.

The fundamental reason why Petitioner has failed to justify equitable tolling is that the factors recited by Petitioner are simply not, by definition, "extraordinary" circumstances. A petitioner's claims of ignorance of the law, lack of education, or illiteracy are not grounds for equitable tolling.

Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).  Also, unpredictable lock-downs or library closures do not constitute extraordinary circumstances warranting equitable tolling in this case.  See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lock-downs at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lock-downs, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lock-downs do not constitute extraordinary circumstances warranting equitable tolling).   Petitioner's indigent status, his limited legal knowledge, and the prison's limitations on law library access are circumstances that are no different than those faced by the vast majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus.  Precisely because such circumstances are common to virtually all petitioners, they are not extraordinary and therefore do not justify equitable tolling.  If limited resources and lack of legal knowledge justified failing to comply with the limitations period, Congress would have never enacted the AEDPA because most incarcerated prisoners have these very problems.

  Petitioner also emphasizes the fact that these circumstances were beyond his control.  That is, at best, only partially true.  Petitioner himself acknowledges that his access to the prison law library was only limited, not eliminated.  This implies that he did have some access to legal materials and, although that access may not have been optimal or as much as Petitioner would have wished, he has not shown that his access was so restricted that it made filing a timely federal petition impossible.

  Moreover, while Petitioner is a layman at the law, he is not entirely ignorant of the Court's

rules and laws, as evidenced both by the petition he filed and his response to the Order to Show Cause. Few, if any, state inmates can claim any real familiarity or skill at representing themselves. Presumably, this is why the federal district courts are admonished to liberally construe a petitioner's filings and why this Court, in its review of the petition, explores every reasonable avenue of legal analysis as to the claims raised, and does not limit its legal analysis to the specific analytical framework offered by Respondent's lawyers.

Finally, it is Petitioner's responsibility to timely file a federal petition, and that obligation is not diminished whether his former attorney advises him about the filing requirements. Attorney negligence, even including a miscalculation of a filing deadline, is not a sufficient basis for applying equitable tolling to the 2244(d)(1) limitation period. Holland v. Florida, 130 S.Ct. at 2561-64; Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2010); Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). Only attorney misconduct that is sufficiently egregious to meet the *extraordinary misconduct* standard can be a basis for applying equitable tolling. Spitsyn, 345 F.3d at 801. Here, Petitioner has failed to show that his attorney's conduct, even if negligent, was anything more than ordinary negligence. He has not shown extraordinary misconduct by counsel.

In short, Petitioner's skillful attempts to shift the responsibility for an untimely filing onto the prison system, his educational and social background and his former lawyer, are unpersuasive. As mentioned previously, if those factors were sufficient to justify equitable tolling, then every state inmate would be entitled to almost carte blanche equitable tolling since they all share the same deficits when approaching the task of filing a federal habeas petition. However, nothing in the federal cases suggests that these factors alone would justify equitable tolling for an untimely petition.

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitable, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). As discussed above, Petitioner has failed to establish the timeliness of the instant petition. Accordingly, the petition must be dismissed as untimely.

Furthermore, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>     (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d)(1);
2. The Clerk of the Court is DIRECTED to enter judgment and close the case; and,
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **March 11, 2011**                               /s/ Jennifer L. Thurston
                                                  UNITED STATES MAGISTRATE JUDGE